IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHELSEA EVERHART                                                                      PLAINTIFF

vs.                                            Civil No. 6:21-cv-06088

COMMISSIONER, SOCIAL                                                                  DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Chelsea Everhart ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability applications on November 8, 2018. (Tr. 18). In these applications, Plaintiff alleges being disabled due to Rocky Mountain spotted fever, Epstein Barr virus, myalgic encephalomyelitis or chronic fatigue syndrome, cytomegalovirus, post-traumatic stress disorder, anxiety, "shaking hands," vision impairment, and migraine headaches.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13.  These references are to the page number of the transcript itself not the ECF page number.

(Tr. 264). Plaintiff alleges an onset date of April 1, 2018. (Tr. 18). These applications were denied initially and again upon reconsideration. (Tr. 81-144). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 39-80).

On October 19, 2020, the ALJ held an administrative hearing. (Tr. 39-80). At this hearing, Plaintiff was present and was represented by counsel, Shannon Muse Carroll. *Id.* Plaintiff and Vocational Expert ("VE") Melissa Brassfield testified at this administrative hearing. *Id.* On November 23, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 15-32). The ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2019. (Tr. 20, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2018, her alleged onset date. (Tr. 20, Finding 2).

Through her date last insured, the ALJ determined Plaintiff had the following severe impairments: mild tricompartmental osteoarthritis of the left knee, dysfunction of major joints, migraine headaches, Rocky Mountain spotted fever, obstructive sleep apnea, obesity, depression, bipolar and related disorders, anxiety and obsessive-compulsive disorders, and trauma and stressor-related disorders. (Tr. 20-21, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21-22, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 22-30, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that the

> claimant retains the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently, stand and walk six hours in an eight-hour workday, sit six hours in an eight-hour workday, and push and pull in the amount of weight given. The claimant can occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds, frequently balance, and occasionally stoop, kneel, crouch and crawl.
>
> She can occasionally reach overhead bilaterally and frequently handle and finger. The claimant must avoid frequent exposure to extreme cold, extreme heat, loud noise, vibration, dust, odors, fumes and pulmonary irritants; she must avoid frequent exposure to unprotected heights, unprotected moving mechanical parts and dangerous machinery. The claimant is able to understand, remember and carry out simple tasks, with frequent interaction with supervisors and co-workers, and occasional interaction with the general public. She can respond appropriately to changes in a routine work setting.

*Id.*

The ALJ determined Plaintiff was thirty-two (32) years old, which is defined as a younger individual under 20 C.F.R. § 404.1563(c) (2008), on her alleged disability onset date. (Tr. 30, Finding 7). The ALJ determined Plaintiff had at least a high school education. (Tr. 30, Finding 8).

The ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW"). (Tr. 30, Finding 6). The ALJ then considered whether Plaintiff had the capacity to perform other work existing in significant numbers in the national economy. (Tr. 31-31, Finding 10). The VE testified at an administrative hearing regarding her ability to perform other occupations. *Id.*

Specifically, the VE testified Plaintiff retained the capacity to perform the following light, unskilled occupations: (1) sub assembler with 16,000 such jobs in the national economy; (2) small products assembler I with 198,000 such jobs in the national economy; and (3) marker with 124,000 such jobs in the national economy. (Tr. 31). Because Plaintiff retained the capacity to perform

this other work, the ALJ determined Plaintiff was not disabled at any time from April 1, 2018 through the date of his decision or through November 23, 2020. (Tr. 31, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-6). The Appeals Council denied this request on April 28, 2021. *Id.* Thereafter, on May 20, 2021, Plaintiff appealed her administrative case to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 20, 2021. ECF No. 6. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 17, 20.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 17.  Specifically, Plaintiff claims the ALJ erred in finding her chronic fatigue syndrome is non-severe.  *Id.*  Because the Court agrees with Plaintiff

5

and finds the ALJ erred by finding her chronic fatigue syndrome was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to chronic fatigue syndrome. (Tr. 264). On November 8, 2018, Plaintiff was diagnosed with chronic fatigue syndrome ("primary"). (Tr. 585). On November 26 and 29, 2018, Plaintiff reported suffering from chronic fatigue syndrome. (Tr. 811-813). On January 15, 2019, Plaintiff was again treated for chronic fatigue syndrome:

> Discussed the chronic fatigue syndrome and importance of range of motion exercises, gradually increasing activity as tolerated and pacing herself. Also importance of continued stress management and the contribution of stress in lowering her immune resistance and contributing to recurrent/persistent symptoms.

(Tr. 621).

Plaintiff also reported suffering from chronic fatigue syndrome as follows:

Q: On a daily basis, what do you go through with the chronic fatigue, just head to toe quick symptoms?

A: I feel like I've had the hardest workout in my life, that I pushed myself, and I just feel absolutely drained, but here hasn't been that exercise. There hasn't been anything that would make sense for me to feel like I just run a marathon. I have to lay down. There's some points I can't lift my arm at all when I'm laying down.

(Tr. 66).

As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon this report, Plaintiff has presented sufficient evidence demonstrating her chronic fatigue syndrome meets that standard. Thus, this case must be reversed and remanded for further consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

**4.  Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of April 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE